2002 OK CIV APP 8

**R.K. BLACK, INC., d/b/a R.K. Black, and Christopher M. Black and Robert K. Black, Sr., Appellants,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

**No. 95,508.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 26, 2001.

Rehearing Denied Sept. 7, 2001.

---

Steven C. Davis, B.J. Rothbaum, Ryan S. Wilson, Oklahoma City, OK, for Appellants.

Thomas E. Kemp, Jr., Dawn Elizabeth Cash, Jay L. Harrington, Oklahoma Tax Commission, Oklahoma City, OK, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶ 1 Appellants, R.K. Black, Inc. d/b/a R.K. Black, Christopher M. Black, and Robert K. Black, Sr. (R.K. Black), appeal from a final order of Appellee, Oklahoma Tax Commission (OTC), which denied R.K. Black's protest of a proposed assessment of additional sales tax. R.K. Black's protest was submitted on a joint stipulation of facts. R.K. Black is an Oklahoma corporation engaged in the sale and leasing of copiers and other office equipment. Additionally, R.K. Black provides maintenance, supplies and replacement parts pursuant to maintenance contracts on this office equipment. The maintenance contract price includes the cost of supplies and parts so no additional charge is assessed by R.K. Black when the equipment is serviced. R.K. Black purchases these supplies and parts on a sales tax-exempt basis. R.K. Black possesses an Oklahoma resale permit due to its engagement in the business of reselling or leasing this equipment.

¶ 2 R.K. Black is a party to several types of maintenance contracts, four of which are at issue in this matter. These maintenance contracts are: 1) outside lease contracts (leases which R.K. Black has sold to a financing entity which includes the maintenance contract); 2) vendor contracts (contracts requiring maintenance by R.K. Black

on equipment which had been purchased by a business from vendor companies); 3) other dealer contracts (contracts requiring maintenance by R.K. Black on equipment owned or leased by customers of dealers other than R.K. Black); and 4) direct sales contracts (purchase contracts from R.K. Black's customers with maintenance contracts). The parties stipulated that all of the entities involved in the outside lease contracts, vendor contracts, and other dealer contracts, possess valid Oklahoma sales tax resale permits. Additionally, all but one of these entities collected and remitted sales tax to the State of Oklahoma on the maintenance contracts.

¶ 3 The parties stipulated that R.K. Black had reported their sales and use tax for many years in the same manner as during the audit period without any suggestion by OTC that R.K. Black was not complying with sales tax laws. In 1990, R.K. Black was audited by OTC and was reporting their sales and use tax in the same manner as during the audit period and no additional assessment of taxes was made by OTC for that audit time period.

¶ 4 The parties chose to submit this matter upon stipulations and briefs rather than a hearing. All of the proceedings were conducted through the administrative law judge, Kris D. Kasper. Sometime after the submission of the matter, the matter was reviewed and a proposed opinion was submitted by an outside private lawyer with whom OTC had contracted to act as an administrative law judge on an as needed basis. No notice of the change in administrative law judge was given to R.K. Black.

¶ 5 The administrative law judge found R.K. Black had used repair parts and supplies from its inventory which had been purchased tax exempt for resale on equipment leased or owned by others. The judge concluded R.K. Black is liable for sales tax on these parts and supplies when it withdraws from its stock to fulfill contractual duties. The judge rejected R.K. Black's argument that this was a double taxation as sales tax was being remitted from the maintenance contracts. The judge determined R.K. Black was the only party responsible for the tax. The judge declined to address two issues: 1)

whether the OTC had changed a long-standing interpretation of a statute without providing cogent reasons; and 2) whether the assessment was a violation of the equal protection clause of the United State Constitution because the OTC was not enforcing this assessment on R.K. Black's competitors. The judge found there were insufficient facts to determine these issues and the burden was on R.K. Black to provide sufficient facts to entitle it to relief. The OTC adopted the administrative law judge's Findings, Conclusions and Recommendations. R.K. Black appeals.

¶ 6 The issues presented on appeal are: 1) whether the appointment of a private attorney as an administrative law judge without notification after the tax protest had been submitted to the assigned administrative law judge was a valid appointment; 2) whether the OTC erroneously applied the law to the facts presented in this tax protest; 3) whether the OTC altered its previous position on the collection of sales tax in this tax protest and failed to state cogent reasons for such reversal of positions; and 4) whether the imposition of this sales tax on R.K. Black is a violation of the equal protection clause of the United States Constitution.

¶ 7 Before reaching the merits of this appeal, we must address a procedural issue raised by R.K. Black. R.K. Black urges this Court to direct the OTC to correct the record by deleting a document entitled "Memorandum Agreement" which appears in the record transmitted on appeal. This document was not a part of the record in this case but was apparently added by the OTC as a result of one of the issues raised on appeal. This Court will not consider materials which were not a part of the proceedings in the consideration of the taxpayer's protest. Supreme Court Rule 1.28.

¶ 8 R.K. Black asserts the appointment of a new administrative law judge without notice especially after submission of the case for determination invalidates the OTC decision. When an administrative agency promulgates rules to govern its proceedings these rules must be carefully observed. An agency's failure to obey its own procedural

rules will negate such actions where prejudice results. *Henry v. Corporation Comm.,* 1990 OK 103, 825 P.2d 1262, 1267. The OTC's rules, 710:1–5–22 and 710:1–5–31, provide in pertinent part:

"710:1–5–22. Commencement and numbering of a protest. . . .

(b) The Administrative Law Judges' Office assigns a case number of a protest of proposed assessment or protest to denial of claim for refund (both called 'protest' herein), creates a court file, *assigns a Judge* and sets a day for pre-hearing conference between the parties and the Administrative Law Judge."

"710:1–5–31. Administrative law judge to hear case.

... If for any reason an Administrative Law Judge cannot continue on a case, the Commissioners *shall designate* another Administrative Law Judge with the above qualifications, who will become familiar with the record and perform any function remaining to be performed without the necessity of repeating any previous proceedings." (Emphasis supplied)

OTC contends these provisions do not require notice of the designated administrative law judge be provided to the taxpayer. We disagree. The requirement that an administrative law judge be designated indicates the OTC will identify the administrative law judge who will determine the proceedings in process to all parties involved. However, as conceded by R.K. Black, no demonstrable prejudice is shown by R.K. Black so we do not reverse this matter on these grounds.

¶ 9 In reviewing an agency order, this Court will review the entire record made before the administrative agency acting in its adjudicatory capacity to determine whether the findings and conclusions set forth in the agency order are supported by substantial evidence. *Dugger v. State ex rel. Oklahoma Tax Comm.,* 1992 OK 105, 834 P.2d 964, 968. An adjudicatory order will be affirmed on appeal if the record contains substantial evidence in support of the facts upon which the decision is based and the order is otherwise free of error. *Neer v. State ex rel. Oklahoma Tax Comm.,* 1999 OK 41, 982 P.2d 1071, 1073. The basic facts in this matter

were stipulated and normally this Court would not be conducting a substantial evidence inquiry but an analysis of the legal issue of whether the OTC, in assessing additional sales tax, properly interpreted and applied the relevant statutory law to the stipulated facts.

¶ 10 However, the relevant issues include whether the OTC has changed its interpretation of the statutory laws and applicable tax regulations as well as whether the OTC is not applying this interpretation to all taxpayers in similar situations. This Court cannot decide the underlying issue of whether OTC applied the relevant statutory law without a determination of these two issues which, although briefed before the administrative law judge, were not considered. The administrative law judge opined there was not enough evidence to make a determination. Although, at least on the issue of whether the OTC had changed its interpretation of the statutory laws, a stipulation was made that R.K. Black had engaged in maintenance contract sales and service for many years and had always reported these activities in a manner consistent with the sales tax reported during the audit period. We note that the OTC's regulations provide for the administrative law judge to schedule a conference between the parties if it is deemed necessary to clarify the positions of the parties after a matter has been submitted on briefs only as in this case. OTC Rule 710:1–5–38.

¶ 11 The OTC did not present any evidence to rebut R.K. Black's assertions of a change in interpretation of statutory law or on the equal protection issue. The experience and working knowledge of an agency are the foundational reasons for administrative adjudication in advance of judicial intervention. It is the role of the adjudicatory agency to find the facts on the issues presented. *Dugger v. State ex rel. Oklahoma Tax Comm., supra.* We find the OTC's findings and conclusions are defective in that two issues were presented to its administrative law judge and the issues were declined even though stipulations were made regarding one of these issues and both issues were briefed

in the proceeding below. Accordingly, this matter is reversed and remanded for further proceedings consistent with this opinion.

¶ 12 REVERSED AND REMANDED.

ADAMS, P.J., concurs; and JOPLIN, J., dissents.